UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | | |
|---|---|---|
| BARG COFFIN LEWIS & TRAPP, LLP, | | No. 14-cv-4740 LB |
| | Plaintiff, | **ORDER SETTING ASIDE** |
| v. | | **ENTRY OF DEFAULT** |
| ARLIE & COMPANY, | | |
| | Defendant. | |
| _____/ | | |

## INTRODUCTION

This is a dispute over unpaid attorney's fees. Defendant Arlie & Company failed to file a timely response to the plaintiff's complaint. On November 5, 2014, the clerk entered Arlie's default. (ECF No. 6.)[1] The only issue is whether the court should set aside that default. (*See* ECF No. 14); Fed. R. Civ. P. 55(c). The court finds this matter suitable for determination without oral argument and so vacates the January 15, 2015 hearing. *See* Civ. L.R. 7-1(b). Both parties have consented to the undersigned's jurisdiction. (ECF Nos. 11, 12.) The court grants the defendant's motion to set aside the default.

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER - 14-4740 LB

**STATEMENT**

The background facts relevant to this motion are mainly those that constitute this young case's procedural history. Plaintiff Barg Coffin Lewis & Trapp, LLP filed this lawsuit on September 26, 2014, in the Superior Court of San Francisco, seeking unpaid attorney's fees from its former client, defendant Arlie & Company. (ECF No. 1 at 6-10.) On October 10, 2014, Arlie's counsel wrote to Barg Coffin's counsel and asked for ten days' written notice before Barg Coffin sought a default. (Markley Decl. – ECF No. 15 at 1-3, ¶ 3 and Ex. 2.) Barg Coffin's lawyer agreed to give Arlie that notice. (*Id.* and Ex. 3.) Arlie removed the case to this court on diversity grounds on October 24. (ECF No. 1 at 1.) It did not file an answer or responsive motion. On November 3, Barg Coffin notified the clerk of court that it would seek the entry of Arlie's default on November 13. (ECF No. 5.) Two days later — on November 5, 2014 — the clerk entered that default. (ECF No. 6.) Two days after that, Arlie filed an answer. (ECF No. 7.) Barg Coffin then filed an "application" asking the court to strike this answer. (ECF No. 9.) Barg Coffin also moved for a default judgment (ECF No. 10) but has since said that it will withdraw that motion as moot if the court sets aside the default (ECF No. 16 at 4 n. 1). Under Rule 55(c) of the Federal Rules of Civil Procedure, Arlie now moves to set its default aside. (ECF Nos. 14, 16-17); *see* Fed. R. Civ. P. 55(c).

**ANALYSIS**

**I. LEGAL STANDARDS**

Under Rule 55(c), a court may set aside an entry of default for "good cause." *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"). To determine whether a defendant has shown good cause to justify vacating entry of default, a court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant lacked a meritorious defense; and (3) whether reopening the default would prejudice the plaintiff. *See Mesle*, 615 F.3d at 1091 (citing *Franchise Holding II, LLC v. Huntington Rests. Group., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). This standard is disjunctive, meaning, the court may deny the request to vacate default if any of the three factors is true. *See Mesle*, 615 F.3d at 1091 (citing *Franchise Holding II*, 375 F.3d at 925). "Crucially, however, '[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case

should, whenever possible, be decided on the merits.'" *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

The standard to set aside an entry of default is the same standard used to determine whether a default judgment should be set aside under Federal Rule of Civil Procedure 60(b), except that in the Rule 55(c) context, courts have greater discretion and can apply the standard more liberally to grant relief from entry of default because there is no interest in the finality of a judgment. *See Mesle*, 615 F.3d at 1091 n.1 (citations omitted); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). When considering whether to vacate entry of default under Rule 55(c), the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513. The inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt v. Am. Bankers Ins. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd.*, 507 U.S. 380, 395 (1993)). The decision ultimately lies in the discretion of the court. *See Brandt*, 653 F.3d at 1111-12.

As the party seeking to set aside entry of default, a defendant bears the burden of showing good cause under this test. *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513. To ensure that cases are decided on the merits whenever possible, the court resolves any doubt regarding whether to grant relief in favor of vacating default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

**II. APPLICATION**

**A. The Defendant Did Not Act Culpably**

The first question under Rule 55(c) is "whether the defendant engaged in culpable conduct that led to the default." *Mesle*, 615 F.3d at 1091. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* at 1092 (quoting *TCI*, 244 F.3d at 697 (emphasis in original)). From this point the analysis divides into two streams.

Where a party is not represented by counsel, and is itself legally unsophisticated, its default is

intentional only if it "acted with bad faith." *Mesle*, 615 F.3d at 1092 (quoting *TCI*, 244 F.3d at 697). Bad faith would include an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the judicial process." *Mesle*, 615 F.3d at 1092 (quoting *TCI*, 244 F.3d at 698). The Ninth Circuit has "typically held" that a defendant's conduct was culpable under this inquiry where the defendant's conduct can be explained only as a "devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1092 (quoting *TCI*, 244 F.3d at 698).

Culpability under Rule 55(c) is more readily found where the defaulting defendant was legally sophisticated or was, as here, represented by counsel. *See Mesle*, 615 F.3d at 1093. There is then no need to show that the defendant acted in bad faith. *Id.* "When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Mesle*, 615 F.3d at 1093. With notice of the lawsuit, in other words, a represented party who defaults is culpable under Rule 55(c). *See id.*

Barg Coffin filed suit on September 26, 2014. (*See* ECF No. 1 at 6.) The defendant received the complaint and summons on September 29. (*Id.* at 2.) After removal to this court (ECF No. 1), the defendant's answer was due by October 31, 2014. Fed. R. Civ. P. 81(c)(2). The defendant did not answer until November 10, 2014 — after the clerk had entered default. (ECF Nos. 6, 7.) The plaintiff rightly observes that, if the defendant needed more time to respond, then it could have followed normal practice to seek an extension of its deadline. *See* Civ. L.R. 6-1 to -3. That being said, Arlie explains that the two members of its firm with the most information about the contract with Barg Coffin died. (Markley Decl., ECF No. 15 at 3, ¶ 10.)

The court can choose to set aside the default. "A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not." *Brandt*, 653 F.3d at 1112. The Ninth Circuit has explained that, even where a defendant has acted culpably in defaulting, a court deciding a Rule 55(c) motion must consider all three factors (culpability, meritorious defense, and prejudice), "taking account of all relevant circumstances surrounding the party's omission," in view of the law's strong preference for trying cases on their merits. *See id.* at 1111-12.

ORDER - 14-4740 LB

4

The court will not refuse to set aside the default on this ground alone.  The defendant was represented by counsel at the time of the default.  (*See e.g.,* ECF No. 15 at 3, ¶ 10; ECF No. 5 at 2.)  And, given its agreement with the plaintiff, Arlie seems to have anticipated defaulting. Nonetheless, the default has not caused much harm, if it has caused any.  This case is still at a very early juncture; it is not even three months old.  Arlie did file an answer — though a rather threadbare one.  And this case can easily be put back on track toward a disposition on its merits.

### B.  The Defendant Has Not Shown A Meritorious Defense

With respect to the second factor — whether the defendant lacked a meritorious defense — a defendant must allege "specific facts" that, if true, would constitute a defense.  *See Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700).  Although in this regard the burden on the defendant is "not extraordinarily heavy," *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700), "[a] 'mere general denial without facts to support it' is not enough to justify vacating a default," *Franchise Holdings II*, 375 F.3d at 926.

A "mere general denial" without supporting facts is all that Arlie offers.  The whole substance of Arlie's answer consists of this:

1. Defendant admits the allegations contained in paragraphs 2 through 6.
2. [Defendant] does not have sufficient information to respond to the allegations in paragraphs 7 through 16, and therefore denies those allegations.
3. Defendant denies each and every other allegation contained in the complaint and the whole thereof except as expressly admitted above.

(ECF No. 7 at 1.)

This is thin stuff.  Even given the death of its partners, if this is all that Arlie intended as its answer, then it is impossible to understand why it was not filed on time. Arlie could have gotten more time to compile whatever facts a fuller answer required by seeking to extend its deadline. Moreover, if Arlie's present answer is passable under basic pleading standards, it is nonetheless boilerplate, and does not supply the "specific facts" needed to show a meritorious defense under Rule 55(c).  This factor militates for leaving the default in place.  *See Franchise Holdings II*, 375 F.3d at 926.

///

ORDER - 14-4740 LB

5

### C. The Plaintiff Would Not Be Unfairly Prejudiced By Setting Aside the Default

Finally, the court does not see how Barg Coffin would be prejudiced by the default being set aside. Barg Coffin agreed to give Arlie ten days' notice before moving for a default. Those ten days were cut short by the clerk's entering a default — perhaps before either party expected that. Arlie did file its answer within ten days of Barg Coffin notifying the court of its intention to seek a default. Arlie answered, in other words, within the time that, given the parties' agreement, Barg Coffin might have expected it to. Setting aside the default would of course deny Barg Coffin an unexpectedly easy victory. But that is not the sort of prejudice that will justify preserving a default under Rule 55(c). It is not prejudicial to deny Barg Coffin a pure windfall, especially in view of the parties' agreement and the early stage of this case — and certainly not where the law urges, "whenever possible," to try cases on their merits, and where the court's final obligation is to consider "all relevant circumstances" and then do equity. *See Mesle*, 615 F.3d at 1091 (merits); *Brandt*, 653 F.3d at 1111 (equity); *Pioneer Investment,* 507 U.S. at 395 (same).

### CONCLUSION

The court's decision to set aside the entry of default is driven mainly by two factors. First, this case is not even three months old; allowing it to proceed normally would not seriously prejudice Barg Coffin. Second, the law has a strong preference to determine cases on their merits whenever possible. Arlie's conduct alone might have prompted a different answer. Arlie failed to answer by its original October 31 deadline, sought no extension of that deadline, and, when it did answer, offered a thumbnail response. And it seems to have anticipated defaulting. Nevertheless, the court cannot say that all this amounts to "extreme circumstances" that justify ending this case by default rather than on its merits.

The court accordingly grants Arlie's motion to set aside the default. It denies as moot Barg Coffin's motion for a default judgment. To the extent that Barg Coffin's "application" to strike Arlie's answer constitutes a motion, the court denies that motion as well.

This disposes of ECF Nos. 9, 10, and 14.

**IT IS SO ORDERED.**

Dated: December 22, 2014

_____
Laurel Beeler
United States Magistrate Judge