UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BARG COFFIN LEWIS & TRAPP, LLP,<br><br>   Plaintiff,<br>v.<br><br>ARLIE & COMPANY,<br><br>   Defendant.<br>_____/ | No. 3:14-cv-04740-LB<br><br>**ORDER DENYING BARG COFFIN'S SUMMARY-JUDGMENT MOTION WITHOUT PREJUDICE AND GRANTING MOTION FOR LEAVE TO AMEND ARLIE'S ANSWER**<br><br>[Re: ECF Nos. 25, 36, 41] |

## INTRODUCTION

This case is a dispute over unpaid attorney's fees. Barg Coffin filed an early summary-judgment motion, but the court denied it as premature (and before Arlie filed any opposition) to enable the parties to mediate their dispute first. (Motion, ECF No. 25; 1/29/2015 Order, ECF No. 31.[1]) Mediation failed, and Barg Coffin resuscitated its motion. (ECF Nos. 36, 38.) Arlie also moved to amend its answer. (Motion, ECF NO. 41.) The court held a hearing on both motions on May 28, 2015. (Minute Order, ECF No. 52.)

The court denies the summary-judgment motion as premature. Discovery needs to happen first. The court grants the motion to amend the answer.

## ANALYSIS

The dollars at stake in this litigation are small: roughly $150,000. (Notice of Removal, ECF No.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.

ORDER - 3:14-cv-04740-LB

1 at 3. It is for this reason that the court limited discovery and sent the case (at the parties' request) to early mediation. The case did not resolve at mediation. (Certificate of Mediation, ECF No. 37.) But the summary-judgment motion is too early given that the parties have just begun discovery and their contract dispute is not a straight legal issue. Moreover, the point of the court's case-management process was to start settlement talks, see what else the parties needed to know, manage discovery toward eliminating any uncertainties about the fact landscape, and have a settlement conference with a magistrate judge before summary judgment. As discussed at the hearing, that will be the process going forward.

The court also grants the motion for leave to file an amended complaint. It is true that the court set a scheduling order with a tight deadline for amending the pleadings. That deadline was generated by an algorithm in the court's scheduling chart. (*See* 1/30/15 Order, ECF No. 33 at 2.) The parties did not ask for it. (*See* Initial Case-Management Statement, ECF No. 23 at 5.) And the court's intent was to put the case on hold (except for document discovery) to try to explore settlement first. (*See* 1/30/15 Order, ECF No. 33 at 3.) Under Rule 15(a)'s liberal standard (the standard that the court intended to apply until some reasonable period after mediation), certainly amendment is appropriate. And given the context of the court's management of the case, Arlie also meets Rule 16(b)'s good-cause standard.

## CONCLUSION

The court denies Barg Coffin's summary-judgment motion without prejudice and grants Arlie's motion to amend its answer. This disposes of ECF Nos. 25, 36, and 41.

**IT IS SO ORDERED.**

Dated: May 28, 2015

_____
LAUREL BEELER
United States Magistrate Judge